UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| **LARRY LITTLE,** | **CIVIL ACTION NO. 7:14-177-KKC** |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION & ORDER** |
| **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** | |
| Defendant. | |

\* \* \* \* \* \* \*

The plaintiff Larry Little brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for supplemental security income. The Court, having reviewed the record, will reverse the Commissioner's decision and remand this matter for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).

In denying Little's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Little has not engaged in substantial gainful activity since May 2, 2012, the amended alleged onset date. [TR 16].

At step two, the ALJ determined that Little suffers from the following severe impairments:

> degenerative disc disease of the lumbar spine; mild degenerative joint disease of the hips; bronchitis; generalized anxiety disorder with panic attacks; and depression.

[TR 16].

At step three, the ALJ found that Little did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 17]. Before proceeding to step four, the ALJ determined that Little had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 416.967(b). The ALJ determined that Little had the following limitations:

> can never climb ladders, ropes or scaffolds.  He can occasionally climb ramps and stairs, he can occasionally stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to excessive vibration; irritants, such as fumes, orders, dust, gases, and poorly ventilated areas; and hazards, such as moving machinery and unprotected heights. He can understand, remember and carry out simple and detailed instructions. He can only work in a low stress job, which is defined as one that has only occasional decision making required and has only occasional changes in the work setting. He can have occasional interaction with the public, co-workers and supervisors.

[TR 19].

At step four, the ALJ found that Little is unable to perform any past relevant work. [TR 24].

At step five, the ALJ determined that, given the RFC described above, Little can perform jobs that exist in significant numbers in the national economy and, thus, he is not disabled. [TR 24].

## ANALYSIS

Little first argues that the ALJ erred in failing to give adequate reasons for discounting the opinion of treating physician Dr. Bradley Moore, who opined that Little could:

> stand and walk less than two hours total in an eight-hour day; sit less than two hours total in an eight-hour day; lift and carry up to 15 pounds occasionally and 10 pounds frequently; occasionally use his hands for repetitive action; never stoop, balance, and climb ladders; occasionally bend and climb stairs; and would be absent from work more than four days a month.

[TR 23].

ALJs must "evaluate every medical opinion [they] receive" about a claimant and give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id.*

The ALJ gave "little weight" to Dr. Moore's opinion, finding that "the limitations are excessive and disproportionate to the objective medical evidence of record." (AR at 23). This vague, conclusory statement identifies no specific bases for the ultimate rejection of Dr. Moore's opinion. Absent such an indication, this Court cannot evaluate the propriety of an ALJ's weighing of a treating physician opinion. Accordingly, the Court cannot find that the ALJ gave good reasons for discounting Dr. Moore's opinion and this matter will be remanded to the Commissioner for further consideration of that opinion.

Little also argues that the ALJ failed to base the RFC on any medical opinion and also failed to address to which medical opinion supports his RFC or which opinion would be accorded great weight. These issues cannot be addressed without first resolving the weight that should be afforded the treating physician's opinion.

For all these reasons, **IT IS ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **GRANTED** to the extent that the plaintiff requests that this matter be **REMANDED** to the Commissioner;

2. The defendant's motion for summary judgment (DE 11) is **DENIED**;

3

3. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. §405(g) and this matter is **REMANDED** to the Commissioner; and

4. A judgment will be entered contemporaneously with this order.

Dated March 3, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY